BEECKER & BEECKER *against* VROOMAN.

In an action for the price of a chattel, the defendant may prove a deceit in the sale, and that the chattel was of no value, and thus defeat the plaintiff's action; or if the unsoundness produced merely a partial diminution of the value, he may show that part in mitigation of damages.

IN ERROR, to the court of common pleas of the county of *Madison.*

This was an action of assumpsit brought by *Vrooman,* in the court below, against the plaintiffs in error, to recover the price of a horse and a mare sold by *Vrooman* to the plaintiffs in error, who pleaded the general issue, with notice of special matter to be given in evidence. The plaintiff below having proved the sale of the mare to the defendants below, for the price of 35 dollars, the counsel for the defendants offered to prove, that at the time of the sale the mare was sick and diseased, and the plaintiff, well knowing this fact, represented her to be sound and healthy. This testimony was objected to by the plaintiff's counsel; and the defendants' counsel admitting, on being interrogated by the court, that he was not prepared to prove that the defendants had entirely lost the mare, but offered to prove that the mare was of very trifling value, and was sick and diseased, and that the plaintiff had defrauded the defendants in the bargain; the court rejected the evidence, and ruled, that evidence of fraud was only admissible where it went to the entire cause of action, and could not be received in mitigation of damages, by showing a partial loss. The jury, under the direction of the court, found a verdict for the plaintiff below for 39 dollars and 27 cents; and a bill of exceptions having been tendered by the defendants, it was removed into this court by writ of error.

The case was submitted to the court without argument.

VAN NESS, J., delivered the opinion of the court. The defence offered in the court below was improperly excluded. The defendant below apprised the plaintiff of his intention to rely for his defence, at the trial, upon the fraud; and the established rule now appears to be, that, in cases like the present, fraud may be given in evidence as a defence, and will be an answer to the whole demand, or in abatement of the damages, according to the circumstances of the case. This is the true, as

well as a salutary rule, and well calculated to do final and complete justice between the parties, most expeditiously and least expensively. (*Basten* v. *Butten*, 7 *East*, 480. n. *Lewis* v. *Casgrave*, 2 *Taunt*. 2. *Fisher* v. *Samuda and another*, 1 *Camp. N. P.* 190. *Runyan* v. *Nichols*, 11 *Johns. Rep.* 548.) The judgment must, therefore, be reversed, and a *venire de novo* issued in the court below.

NEW YORK,
May, 1816.

BEECKER
v.
VROOMAN.

Judgment below reversed.

———————

## GENERAL RULE.

*Supreme Court, May 10th, 1816.*

ORDERED, that, after the next *August* term, no cause be entered on the calendar of enumerated motions, unless a note of the issue be filed in the clerk's office of this court, in the city where the court is to be held, before the *Friday* next preceding the term.

END OF MAY TERM.