ALBANY,
Oct. 1827.

HILLS *against* BANNISTER and BUTLER.

Hills
v.
Bannister.

ASSUMPSIT; tried at the Cayuga circuit in September, 1826, before WALWORTH, C. Judge; when a verdict was *taken for the plaintiff subject to the opinion of the court on a case containing these facts:

The plaintiff gave in evidence a joint and several promissory note payable to him for $194,20, signed by the defendants, with the addition, "Trustees of Union Religious Society, Phelps." The defendants proved this society to be a corporation; and objected that the plaintiff had no right to recover against the defendants, they having signed as agents for the society. The objection was overruled.

The defendants then proved that the note was given for a balance due for a church bell, stated in an account produced, to have been purchased of the plaintiff; but which they offered to prove was purchased of Hills and Hanks; who, at the time, agreed in writing to warrant the bell not to crack for one year; and to recast it, if it should crack within that time. That at the time of the purchase, Hills and Hanks were in company; that the bell cracked within the year; that the defendants went to the place where Hanks had formerly kept his shop, in Auburn, to get it recast; but he had left the county and they could not find him.

The plaintiff objected to the evidence, on the ground that no notice of the evidence accompanied the plea, which was the general issue; and that the facts constituted no defence, as they amounted only to a partial failure of consideration. The judge decided that the evidence was inadmissible, under the pleadings.

*J. Porter*, for the plaintiff. The defendants were personally liable, the addition being no more than a *descriptio*

A promissory note was signed by B. and B. and they added "Trustees of Union Religious Society, Phelps," which was a corporation. Held that they were personally liable.

H. sold a church bell to B. and B. with warranty, that it should not crack within a year; and that if it did crack within that time, he would recast it. It having cracked within the time, *held* that he was not liable on his warranty without notice, and neglect to recast.

In an action on a promissory note, *it seems*, that a partial or total failure of consideration, may be given in evidence by the maker to mitigate or defeat a recovery; as fraud or a breach of warranty in respect to the consideration.

*It seems* that fraud in the consideration may be given in evidence under the general issue, without notice.

Whether it is the same as to a breach of warranty? *Quere.*

*personarum.* (9 John. 334 ; 6 Mass. Rep. 58. ; Com. on Contr. 237, 252.) The testimony offered by the defendants was inadmissible. The warranty was by the plaintiff and another ; and no application was made to the plaintiff to have the bell recast. Nor was any notice given of the defence. Without this, nothing short of a full defence was admissible. (1 Chit. Pl. 472 ; 15 John. 234 ; 11 id. 547.)

[*33]  *N. Parke,* contra. The defendants were not liable. They contracted as agents, and for the benefit of the corporation. (12 John. 227 ; 2 id. 669 ; 1 Cowen, 513 ; 14 John. 238. ; 6 T. R. 94 ; 15 John. 1.)

A total, or partial failure of consideration, may be given in evidence by the maker of a promisosry note, as against the payee ; and this under the general issue without notice. (1 Chit. Pl. 471, 2 ; 15 John. 251 ; 2 Caines, 146 ; 3 John. 463, 465 ; 10 John. 198 ; 13 id. 302 ; 19 id. 53 ; 18 id. 141.

*Curia, per* WOODWORTH, J. The objection that the defendants were not liable upon the note, having signed in the character of trustees, was properly overruled. The addition of trustees, &c., is a mere *descriptio personarum.* (9 John. 334.)

The remedy on the warranty was against two persons, partners ; and though the plaintiff was one, it is questionable whether the defence for breach of warranty, is allowable in such a case.

But waiving that question : it was provided that if there should be a breach of warranty, the defendants should be entitled to redress by having the bell recast. Until there was a refusal to comply, there was no right of action in the defendants. The evidence was insufficient to show that the persons warranting were in default. As to Hanks ; if it be conceded that he had left the county, for aught that appears, Hills was there, ready and willing to recast the bell ; and yet no application was made to him. Damages for non-performance do not arise in such a case, till neglect or omission be shown, after a request to perform.

Under the general issue in assumpsit, any matter which shows the plaintiff has no cause of action, may be given in evidence. (1 Chit. Pl. 472.) In this case there was not a total failure of consideration; for the bell, although cracked, was of some value. It is not pretended that there was any fraud or deceit. Had there been, it would have been competent proof under the general issue; (15 John. 230;) *and it seems that if the unsoundness of an article, merely produce a partial diminution of value, it may be shown in mitigation of damages, provided there was a fraudulent representation. (13 John. 302.) If the plaintiff had refused to recast the bell, I incline to think, the partial failure of consideration might also be a defence in mitigation, although there be no fraud. Such a defence has been allowed in suits for work and labor by builders; and seems to be approved of in *Runyan* v. *Nichols*, (11 John. 548;) although it was not expressly decided in that case, that the client could set up the negligence of the attorney in conducting the suit. It was held that notice of the defence ought to be given; and that to allow it without a previous notice, would be unwarrantable and unnecessarily rigorous. In this case, the attempt is, to show in mitigation of damages, a breach of the warranty. Had it been established, perhaps the evidence would have been proper in mitigation. In *Basten* v. *Butler*, (7 East, 481;) the case of *King* v. *Boston* is cited. (Ibid. note a.) It appeared that the plaintiff had sold to the defendant a horse, warranted sound, for 12 guineas, of which the defendant had paid three. The horse was not sound; and, the defendant refusing to pay any more, the action was brought to recover the difference. It was proved that the horse, at the time of the sale, was not worth more than £1 11s. 6d. Lord Kenyon held that the plaintiff could only recover the value; and more having been paid by the defendant, he non-suited the plaintiff. The court in the principal case, lay down the rule as to notice, that where a specific sum has been agreed to be paid, notice ought to be given; otherwise the plaintiff would have ground to complain of surprise, if evidence be allowed to show that the work and materials

ALBANY,
Oct. 1827.

[*35]

were not worth so much as was contracted to be paid; but that, on a *quantum meruit*, he must come prepared to show that the work done was worth so much; and therefore there could be no injustice to him, in suffering this defence to be entered into, even without notice.

*It is not-necessary, however, to decide any thing more than that the defendants have not done enough to raise the question whether a breach of warranty can be a defence in mitigation of damages, when the action is brought on a note, the consideration of which was the sale of a chattel warranted; nor whether in such cases notice must be given.

The evidence having been properly overruled, the plaintiff is entitled to judgment.

Judgment for the plaintiff.