[PHILADELPHIA, FEBRUARY 18th, 1837.]

## Exparte HUSSEY.

## Exparte MORTON.

1. The Supreme Court had no power under the acts passed previously to the 16th of June, 1836, to compel a trustee to pay over trust moneys in his hands; and in default of such payment, to dismiss him from the trust.

2. Proceedings to obtain relief, under the 13th section of the act of the 16th of June, 1836, conferring upon the Supreme Court the jurisdiction and powers of a Court of Chancery in certain cases, must be by bill and subpœna: The Court will not grant relief upon *petition.*

ON the 4th of February, Mr. *Earle* presented a petition from Phœbe Hussey, administratrix of the goods, &c. of Ann Elizabeth Johnson, deceased, setting forth that Isaac Norris, Esq., who was trustee for the said Ann Elizabeth Johnson in her lifetime, had in his hands, as appears by a settlement of his accounts, acquiesced in by her, the sum of $885, with interest from the 11th of November, 1836; that the said fund is due and payable to the petitioner, but payment was refused by the trustee; and praying the court to take such measures as it may deem most fit, to compel the trustee to pay over the money, or to dismiss him from the trust.

On the same day, a petition was presented on behalf of Joseph M'Kenzie Morton, *alias* Joseph Moulton M'Kenzie, setting forth that Isaac Norris, Esq. had in his hands a portion of the estate of Joseph Morton, of Charleston, S. C. deceased; placed in the hands of the said Isaac Norris, to be disposed of in conformity with the last will of the said Joseph; that by the terms of the said will, the greater portion of the same is payable, and has been, for more than four years, due and payable; that according to the admission of the said Isaac Norris, Esq., the sum of $1414 20 is in his hands, with interest; and $1123 29 of the same is payable to the petitioner, with interest; and that he had neglected and refused to pay, &c.; and praying the court to take the proper measures to compel him to pay, or to dismiss him from the trust.

Rules to show cause were granted in these cases; and now, on the return thereof, Mr. *Earle* endeavoured to sustain the proceeding.

(Exparte Hussey.—Exparte Morton.)

Mr. *Kennedy*, for Mr. Norris, stated, that he was ready to pay over the fund in both cases, after due allowance for costs and expenses; provided the proper mode of proceeding was resorted to.

The opinion of the Court was delivered by

SERGEANT, J.—[After stating the circumstances:]—No act of assembly has been pointed out, nor am I able to discover any, which authorises this court, on petition, to compel a trustee to pay over money, or to dismiss him from his trust. The first act on the subject is that of the 24th of March, 1818; and that applies only to voluntary assignments for the benefit of creditors, and to trustees of insolvent debtors, and gives the jurisdiction to the Common Pleas. The act of the 29th of March, 1819, confers the jurisdiction on the District Court. The act of the 29th of March, 1823, extends the fourth section of the act of the 24th of March, 1818, to conveyances in trust for *femes covert*, minors and others, and gives power to the Common Pleas to dismiss trustees, and appoint others. The act of the 14th of April, 1828, prescribes the mode of proceeding by the Common Pleas and District Courts, in voluntary assignments, or those by insolvents. The act of the 22d of March, 1825, is the first that relates to the Supreme Court, and empowers it to grant relief in equity, so far as respects the appointment of trustees, in case of death, infancy, lunacy, or other inability; or where a trustee in a will renounces, or refuses to act; or where one or more trustees are dead, or *non compos mentis;* and also to compel the trustee, when the trust is expired, to convey the legal estate. The 2d section, authorises the court to proceed on petition of the *cestui que use.* The 3d section gives the trustee authority, after having executed the trust, to file his accounts in the Supreme Court, or District Court, or Common Pleas, on oath, and empowers the court to grant him a discharge, after citation and hearing. By the act of the 14 h of April, 1828, the Circuit Court, District Court and Common Pleas, have the same power as that given to the Supreme Court by the act of 1825. The act of the 21st of March, 1831, relates to voluntary assignments for creditors, and to the Common Pleas of Philadelphia County. The act of the 14th of June, 1836, extends only to the courts of Common Pleas.

The 13th section of the act of 16th of June, 1836, confers upon the Supreme Court and the several courts of Common Pleas, the jurisdiction and powers of a court of chancery, so far as relates to "the control, removal and discharge of trustees, and the appointment of trustees, and the settlement of their accounts;" and also, "the care of trust-moneys and property, and other moneys and property, made liable to the control of the said courts," and repeats the latter provision, when afterwards speaking of the Supreme

(Exparte Hussey.—Exparte Morton.)

Court, sitting in bank in the city of Philadelphia, and the Court of Common Pleas for the same city and county.

Supposing these clauses to give this court power to proceed against trustees by original process, in other cases than those embraced by the act of the 22d of March, 1825, yet as it is a chancery jurisdiction, and no other mode is pointed out, it can only be done by subpœna and bill, and not upon petition. The power to proceed by petition, given by the act of the 22d of March, 1825, is not repealed; that act is confined to cases, limited in their nature, and admitting a summary proceeding, without inconvenience. But without express power to proceed in other cases by petition, the ordinary mode of proceeding in chancery must be pursued, and is to be regulated, until altered, by the practice prescribed or adopted by the Supreme Court of the United States. The prayer of these petitioners, therefore, cannot be granted.