CASE <i>vs.</i> HALL & VAN ELTEN.

*Want of title* in the *vendor* of personal property is no defence to an action brought for the recovery of the purchase money, where there has been no recovery by the *owner* against the purchaser.

If the vendor *fraudulently* represents himself to be the owner, when he *knows* to the contrary, such facts may be set up in bar of a recovery ; or *it seems* an action *on the case* may be brought against the vendor.

THIS was an action of *assumpsit,* tried at the Tompkins circuit in September, 1839, before the Hon. ROBERT MONELL, one of the circuit judges.

The plaintiff read in evidence two promissory notes made to him by the defendants for the sum of $424,83. The defendants under a notice given with the plea of the general issue *offered* to prove that the notes were given for lumber purchased by them of the plaintiff, who had cut the same *on land belonging to Edmund Wilkes ;* that the plaintiff had a contract for the land, but had not paid for it, and had not any right to cut the timber ; that the defendants sold the lumber thus purchased by them, but that after such sale

*Wilkes* gave them notice that the lumber belonged to him, demanded it, and told them that they would be held responsible for it. The defendants admitted that no recovery by Wilkes against them had been had, and that no suit had been commenced by Wilkes against them. The counsel for the plaintiff objected to the admissibility of the evidence and it was rejected by the judge under whose direction the jury found a verdict for the plaintiff. The defendants move for a new trial. The cause was submitted on written arguments.

*J. M. Parker*, for defendants.                                    [ *103 ]

*C. Humphrey*, for plaintiff. ·

*By the Court*, NELSON, Ch. J.   There is no doubt if the vendor *fraudulently represents* the goods sold to be his own, when he *knows* them to belong to a stranger, an action on the case lies to recover damages therefor, though the real owner has not recovered the property, nor the vendee suffered any actual damage. 1 *Show.* 68.   *Cro. Eliz.* 44.   1 *Salk.* 210, 211. 1 *Ld. Raym.* 593.   *Selw. N. P.* 482, 483, *and cases.* 2 *East*, 448, *n. Ross on Vendors*, 334.   And then upon the case of *Becker* v. *Vrooman,* 13 *Johns. R.* 302, the same matter might be admissible by way of defence for the purpose of reducing or extinguishing the claim for the purchase money. *See also* 15 *Johns. R.* 230, *and* 8 *Wendell*, 109.   Where, however, the vendee relies on the *warranty of title*, express or implied, there must be a recovery by the real owner before an action can be maintained. This is in the nature of an eviction, and is the only evidence of the breach of the contract in analogy to the case of covenants real. *Vibbard* v. *Johnson*, 19 *Johns. R.* 77.   1 *id.* 274, 517.   6 *id.* 5.   13 *id.* 224. 5 *Wendell*, 535.   *Ross on Vendors*, 334.

In *Vibbard* v. *Johnson*, it is true, that the purchaser knew · the property had been claimed by a third person, but that fact has never been regarded as material to the decision of the case ; nor is it noticed in the opinion delivered by the court.   On the contrary, the right to recover the purchase money is put upon the broad principle, that the only competent evidence of a breach of the implied warranty of title, was a recovery at law.   It was likened to a demise of a house, where the tenant attempted to defeat the recovery for rent by denying the title of the lessor, and claiming to have paid it to C., the owner.

The principle is well sustained by analogy, and, I think, just in itself.   In case of a breach of warranty, the measure of damages is the purchase money and interest.   Now, it would be highly inequitable to permit the vendee to retain *the possession, or enjoy the use of the prop-   [ *104 ] erty thus acquired, and put his vendor at defiance.   Possibly the

owner may never claim, and enforce his title, or if he does, the seller may settle with him. The breach implies no bad faith, and, therefore, is compatible with perfect fair dealing between the parties ; and the indemnity is complete by responding therefor after a recovery under the paramount title.

If there has been fraud in the case, the remedy is immediate for all the damages the parties have sustained, and to which they may resort if they apprehend loss from delay in the claim of the owner.

The counsel for the defendant, in an ingenious brief, has likened the case to the covenant of seizin, and right to convey where the action accrues immediately, without an eviction ; but this would be extending the *implied warranty*, in this case, beyond the analogous cases of lands and chattel interests; it is there regarded as a covenant of warranty only, not of seizin. 7 *Johns. R.* 258.

It is further insisted, that the facts embraced in the offer shew fraud on the part of the plaintiff, and upon that ground should have been admitted under the rule of *Becker* v. *Vrooman.* I think not. There was no offer to prove guilty knowledge. A man may very well be mistaken in respect to his title ; and we cannot, therefore, presume a knowledge of the defect. All the cases before referred to on this point, show the *scienter* to be material, and that it must be proved affirmatively. Though the plaintiff occupied under a contract of sale, he may have honestly supposed that he had a right to cut the timber, notwithstanding the law is otherwise.

New trial denied.

---

[ *105. ]                     *COOPER vs. BARBER.

Where a party is sued for republishing a *libellous article* in a newspaper, and the republication is accompanied by remarks *tending* to a justification of the article but not amounting to it, the defendant is not permitted to prove the truth of the remarks *in mitigation* of damages, because the evidence would tend to prove the charge well founded. Evidence in mitigation must be such as admits the charge to be false.

A judge at the circuit may, upon his own motion, exclude evidence which he deems *irrelevant ;* he is not bound, although the opposite party does not object, to sit and hear testimony which can have no legal bearing upon the question to be tried.

THIS was an action for a *libel*, tried at the Montgomery circuit, in May, 1839, before the Hon. JOHN WILLARD, one of the circuit judges.

The defendant was the editor of a newspaper called the *Otsego Republican*, and on the 14th of August, 1837, republished in that paper an article from another paper called the *Chenango Telegraph*, which commenced as follows—" J. FENIMORE COOPER. This gentleman, not satisfied with having