Mr. Justice Thacker
delivered the opinion of the court.
The plaintiff in error instituted an action in the circuit court of Monroe county, upon defendant’s promissory note. The defendant pleaded non assumpsit; and, in order to show a failure of consideration, proved that the note, upon which the action was instituted, was given to secure the purchase-money of a cotton-spinning machine, which, .at the time of the sale, was represented by the plaintiff’s agent, of whom it was purchased, that it would run lighter than Pierce’s machines, and with careful management, would last for eight or ten years. It was also proved, that the machine was worthless for the purposes for which it was purchased. On the other hand, the plaintiff proved that the machine was a good one at the time of its sale. A verdict and judgment were rendered for the defendant, whereupon a motion for a new trial was made and overruled.
It is a general rule, that in an action for the price of a chattel, the vendee may prove in defence, deceit on the part of the vendor, and that the article is of no value; or, he may show a partial unsoundness in mitigation of damages. Beecker v. Vrooman, 13 Johns. 302 ; Sill v. Rood, 15 Ibid. 230. The rule that allows the breach of the warranty to be given in evidence, in mitigation of damages, arises from the desire to avoid circuity *43 of action. Street v. Blay, 2 Barn, and Adol. 456; Cary v. Gruman, 4 Hill, 625. It is also a general rule that a purchaser cannot, by his own act alone, return and revest the property in the seller, and recover the price when paid, on the ground of a total failure of consideration, nor, by the same means, protect himself from the payment of the price on the same ground. Towers v. Barret, 1 T. R. 133; Payne v. Whale, 7 East, 274; Street v. Blay, 2 Barn, and Adol. 456. If the article is of any value, its retention by the vendee is his acknowledgment to the vendor of his liability to him to that extent. In the present case, the record does not show that the representations at the time of the sale were fraudulent and the machine of no value, which alone could have warranted a verdict for the defendant, however far the evidence might have extended in mitigation of damages.
Judgment reversed and new trial granted.