[NOTE. An appeal was then taken by both parties to the supreme court, where the judgment was reversed in an opinion by Mr. Justice Washington, who said that a court of equity will decree specific performance of a contract for the sale of land if the vendor is able to make a good title at any time before the decree is pronounced. The dismissal, however, of a previous bill for specific performance is a bar to a new bill for the same object. 1 Wheat. (14 U. S.) 179.]

HEPBURN (QUEEN v.). See Case No. 11,-503.

## Case No. 6,390.

HEPPARD v. The GENERAL CADWALADER and The MAJOR RINGGOLD.

[6 Pa. Law J. 473; 4 Pa. Law J. Rep. 472.]

District Court, E. D. Pennsylvania. March 26, 1847.

MARITIME LIENS—LIEN FOR WORK DONE—LOCAL LAW—PERSONAL LIABILITY OF OWNER.

1. The only lien which the admiralty will enforce against a vessel for work done in its construction, is that which obtains under the local law; and as by the Pennsylvania act of assembly of 13th June, 1836, § 2 [Laws Pa. p. 617], the lien ceases under such circumstances, when the vessel proceeds on her first voyage, no admiralty process will be extended to enforce it.

2. A shipowner is not liable personally for work upon the ship, unless done by his order or on his credit.

3. A. agrees with B. that a vessel building by A. shall become B.'s property, on the payment

of a certain sum. B. takes charge of the vessel for the purpose of fitting her up, and in so doing, but before a legal transfer is made, makes a contract for painting the cabins: *Held*, that A. is not liable personally for the work thus done.

[Libels in admiralty by John Heppard against the barges General Cadwalader and Major Ringgold, and William L. Ashmead and Theodore Birely, owners.] The libels in these cases were in rem et personam; and a decree pro confesso having passed against William L. Ashmead, a decree was asked, upon hearing, against the barges and against Theodore Birely. The barges were built at Philadelphia by Birely, and the legal title remained in his name; but by agreement between him and Ashmead, they were to become the property of the latter, on payment of a certain sum. They were fitting up, under Ashmead's direction, to carry passengers, and the libellant was engaged by him to paint the cabins. Birely was occasionally on board while the work was in progress, but gave no orders respecting it. After the barges had made repeated voyages in the service of Ashmead, he found himself unable to complete his bargain, and the barges were sold to a third person.

Mr. Vandyke, for libellant.
Mr. Ashmead, for respondents.

KANE, District Judge (after stating the facts as above). It is plain on these facts that this libel cannot be sustained against the vessel. The only lien which this court could enforce against it is that which obtains under the local law, and that expired when the vessel proceeded on her first voyage, after the work was done. Act Assem. Pa. June 13, 1836, § 2. The argument by which recourse is sought against Birely supposes a liability on the part of shipowners which the law does not warrant. They are not liable personally for work upon the ship, unless done by their order or on their credit. See the cases collected in the new edition of Abb. Shipp. p. 31 et seq. The case of Leonard v. Huntington, decided by Chief Justice Thompson (15 Johns. 302), is closely parallel to the present. There the defendant had contracted to sell, but retained the bill of sale until the purchase-money was paid; and he was held not liable for repairs done in the meantime by the orders of his equitable vendee. The court asserted substantially the same principle which the English courts have in later years decided to be the true one, that the question of liability refers itself directly and exclusively to the question, upon whose credit was the work done? 1 Russ. & M. 42.

I therefore dismiss the libels against the vessels and against Theodore Birely. Regarding all the circumstances, however, the case seems to be one in which the court may properly exercise a discretion as to the costs to be paid by the parties respectively, and I therefore order that the full costs being first

taxed, the one-half thereof be paid by the libellant, and the other by the respondents.

Vide People's Ferry Co. v. Beers, 20 How. [61 U. S.] 393; Roach v. Chapman, 22 How. [63 U. S.] 129; The St. Lawrence, 1 Black [66 U. S.] 522; The Coernine [Case No. 2,944]; The Revenue Cutter [Id. 11,713].