ALBERT G. PORTER, PLAINTIFF IN ERROR, *vs.* PAUL R. BEVILL, DEFENDANT IN ERROR.

The act of 1843, T. Dig., 340, does not authorize the admission in evidence of such records or judicial proceedings from other States as are plainly irregular, or defective, or void, but only such as are valid between the parties.

If it appears from the record of the judicial proceedings of a Court in another State, that a judgment was rendered against a party not legally summoned, the judgment will be considered here as void, just as such judgment would be regarded, if rendered in this State against a person not legally summoned. ·

Where the Courts of this State are required to sanction and enforce the proceedings of the Courts of other States, the regularity of such proceedings can and ought to be inquired into.

Where the rule of Court in a sister State, made in pursuance of authority given by law, requires in any given case personal service of notice of any proceeding, or publication in a gazette or newspaper, and no such notice or publication appears in the record of the proceedings offered in evidence in the Courts of this State, such proceedings, so far as concerns the party here, against whom they are attempted to be enforced, will be regarded as *coram non judice*, and not binding upon him.

Error to Jefferson County Circuit Court.

This cause was tried at the Spring Term of the Circuit Court, sitting in and for the county of Jefferson, in the year 1845, the Hon. ·GEORGE S. HAWKINS, Judge, presiding.

An action of *assumpsit* was brought on the copy of a note, which had been established by certain proceedings in the Superior Court of Effingham County, in the State of Georgia, a certified copy of which proceedings was offered in evidence on the part of the plaintiff in the Court below, and held not to be admissible. A full statement of the case, and of the proceedings had in the State of Georgia, is contained in the opinion delivered by the Court.

*Archer*, for Plaintiff in Error.

*Call*, for Defendant in Error.

Opinion by Justice LANCASTER:

Upon the trial of this cause in the Court below, the plaintiff offered in evidence a copy from the record of the Superior Court of

Effingham County, in the State of Georgia, of certain proceedings had in the said Court, wherein Albert G. Porter was petitioner, and one Stephen P. Bevill and Paul R. Bevill were made defendants— the object of said proceedings being to establish a copy, in lieu of a note alleged to be lost, which' said copy is certified by the Clerk of said Superior Court of Effingham County, Georgia, to be a true copy of the proceedings had in said Superior Court, and his seal of office is thereto annexed. To the introduction of which in evidence, the defendant by his counsel objected—which objection was sustained by the Court, and the said certified copy of the record ruled to be inadmissible. To which ruling the plaintiff excepted—which was signed, sealed and made part of the record in this case.

The question for this Court to adjudicate is, whether the copy of the proceedings, certified as above, was admissible as evidence against this defendant, or not?

By the act of the year 1843, Thompson's Dig., 340, it is enacted : " The records and judicial proceedings of any Court of another State, or of the United States, shall be admissible in evidence in all cases in this State, when authenticated by the attestation of the clerk, prothonotary, or other officer having charge of the records of such Court, with the seal of such Court annexed."

A literal construction would seem at once to exclude these proceedings from being admitted as evidence ; they do not purport to be original, but only a certified copy from the original. This question is not deemed necessary to be adjudicated in this case. But if it were conceded that the provision of the act before recited, authorized the admission in evidence of certified copies, so far as the authentication is material, it seems in due form.

This Court cannot understand that it was the intention of the Legislature, by the above recited enactment, to authorize the admission in evidence of such records, or judicial proceedings, from other States, as are plainly irregular and defective, or void ; but only such as are sound and valid between the parties by whom, and against whom, they are sought to be used. A judgment obtained in this State could not bind a person not a party to it ; nor yet a person sought to be made a party, unless he voluntarily appeared, or was duly and legally cited to make his appearance and defend. The same must be true of all manner of judgments obtained in other States. The Courts have no jurisdiction over a defendant in an action who has not been

legally summoned to defend, and who has not appeared, and judgment against such an one is void.

This Court is aware of the judicial courtesy due between States of the Union, under the Constitution of the United States, and are disposed so to construe the before recited section of the act of 1843, as to give due faith and credit to their records and judicial proceedings. We may add that we feel every proper respect for the judiciary of our sister State, Georgia, but this should not deter or prevent us from looking at the regularity of judicial proceedings sent hither from there, when we are required to sanction and enforce them.

By the 28th section of the before recited act, Thompson's Dig., 342, all the Courts of law in this State are authorized to admit the printed statutes of any of the States, when published by authority and commonly read there, as *prima facie* evidence of the law in such State.

By the judiciary act of the year 1799, the Superior Courts of Georgia were authorized to establish copies in lieu of lost papers, according to law and equity, and to make such rules for their government in the premises as they should think meet. Prince's Dig., 206. Under the authority of that act, the judges of the Superior Court established a rule, that it is necessary for a person seeking to establish a lost paper, " to present to the Superior Court a petition, together with a copy in substance of the paper lost as nearly as he can recollect, which copy shall be sworn to by the party, or proved by other evidence. Whereupon a rule *nisi* may be obtained, calling upon the opposite party to show cause (if any he have) why the copy should not be established in lieu of the original so lost—which rule shall be personally served on the party, if to be found in the State— and if he cannot be found, then the said rule shall be published in some public gazette in the State, for the space of three months."— Appendix to Hotchkiss' Dig. L. of Ga., p. 949. By reference to the copy of the record offered in evidence, it appears that the petition filed in Effingham Superior Court was sworn to, but not the copy of the note sought to be established. The note sought to be established is in the following words, to wit : " Scriven County, December, 1841. On the first day of January next, I promise to pay to Paul R. Bevill, or bearer, one hundred dollars, for value received.

(Signed,)          STEPHEN P. BEVILL,

(Indorsed,)          PAUL R. BEVILL."

This, then, is an effort to establish a note alleged to be lost, and an endorsement thereon upon an affidavit appended, not to the copy of the note, as required by the rule of Court, but to the petition, in which both the form of the note and endorsement are indistinctly set forth; it is not said by whom the endorsement was made. Upon this showing, a rule *nisi* was obtained for the defendants, Stephen P. Bevill, the obligor, and Paul R. Bevill, the alleged endorser, to show cause. That rule was executed, in the following manner, as appears from the certified copy of the proceedings: "We acknowledge service of this petition and rule, 30th March, 1843.

STEPHEN P. BEVILL,

PAUL R. BEVILL,

*per Attorney.*

STEPHEN P. BEVILL."

Upon which service so executed, the defendants were afterwards called, but answered not, and judgment was rendered against them, and the said copy established to stand in the place of the original. It no where appears that Stephen P. Bevill was the attorney of Paul R. Bevill, authorized to acknowledge service for him; his assumption of that authority is not sufficient evidence that he possessed it. Either a power of attorney for that purpose should have been exhibited, or satisfactory evidence of his authority been given.

There was, then, no personal service of the rule *nisi* on Paul R. Bevill, nor advertisement in a public gazette in the State of Georgia, as required by the rule. It is not shown he had notice of the proceedings, or that he made defence to them, nor is it constructively inferable. As to him, therefore, the said proceedings were plainly *coram non judice*, and are void, and do not bind him. The certified copy of the proceedings offered in evidence, as against the said defendant, are, therefore, inadmissible as to him.

This renders any examination of the reasoning on which the Court below proceeded unnecessary; but the opinion of that Court, ruling out the testimony, was correct, and must be affirmed with costs.