JAMES WANSER and WILLIAM WANSER *vs.* WILLIAM
MESSLER.

In an action brought to recover the price of wood sold by the acre,
where the vendee has taken possession of the wood, and has not been dis-
turbed in his possession or ousted by title paramount, he cannot set up as
a defence to the suit that the vendor had no title to the land upon which
the wood was standing.

In error to the Middlesex Circuit.

Argued before the Chief Justice, and Justices OGDEN,
VREDENBURGH, and VAN DYKE.

*A. V. Schenck,* for plaintiffs in error.

*W. H. Leupp,* for defendant.

The CHIEF JUSTICE.    This was an action of *assumpsit* for
the price of certain wood and timber, purchased by the plain-
tiffs in error of the defendant, Messler, under an agreement
in writing between the parties, by which the Wansers pur-
chased of Messler all the wood from the upper part of that
tract of land known as the Ogden farm, commencing and
running in a straight line from Van Arsdale farm to the
farm belonging to William and Abraham Messler, containing
one hundred or more acres, at the rate of thirty-two dollars
and fifty cents per acre.

On a survey of the land, it appeared the plaintiff below
claimed four acres of land, as belonging to him, which was
not laid down on an old map of the farm produced at the
survey by Messler. This four acres formed a part of the
ninety acres and ten-hundredths, the price of the wood upon
which the plaintiff recovered in the action.

After the survey and claim made by the plaintiff, the

defendants proceeded to cut the wood off the four acres, as well as the rest of the tract. No person had ever claimed of the defendants payment for the wood cut from the four acres except the plaintiff.

At the trial the defendants offered to show that the plaintiff had no title to the four acres, and that it did not form part of the Ogden tract. The court below overruled the evidence, and the defence excepted. On this error is assigned.

The defendants purchased this wood of the plaintiff, and cut it off. They entered upon the land, and cut off the wood, admitting the land to belong to the plaintiff. They now attempt to defend themselves from payment of the purchase money by questioning his title to the land and the wood.

There has been no eviction of title paramount, no disturbance of the quiet enjoyment of the defendants of their purchase. I cannot see upon what principle this defence can be maintained. Having bought the wood, and taken possession of it by the permission of the plaintiff, they ought not now to be permitted to dispute his title.

The transaction was a sale of the wood as chattels to the defendants; as the property of the plaintiff, they have been delivered to the defendants. Upon such a sale the law implies a warranty of title. The obligation to pay the price remains until there is an eviction, or at least a disturbance of quiet enjoyment by title paramount. *Vibbard* v. *Johnson,* 19 *Johns.* 78 ; *Case* v. *Hall,* 24 *Wend.* 101.

In the last case it was said, by Nelson, C. J., that if the vendor fraudulently represents the goods sold to be his own, when he knows them to belong to a stranger, an action on the case lies to recover damages, though the real owner has not recovered the property, nor the vendee suffered actual damage, and that this might, upon the authority of *Beecker* v. *Vrooman,* 13 *Johns.* 302, have been given in evidence by way of defence.

In this case the defendant made no offer to prove that the plaintiff knew the property was not his.

The evidence was properly overruled.

VREDENBURGH, J.   The plaintiff had sold to the defendants the wood standing on a tract of land of about ninety acres.   The defendants having cut and marketed the wood standing on the whole ninety acres, the plaintiff brought this suit to recover its value at the stipulated price per cord.   The plaintiff having proved the sale, the cutting by the defendants, its appropriation to their use, and the quantity and price, the defendants, after the plaintiff had rested, offered to prove that about four acres of the ninety acres did not belong to the plaintiff, but without offering to prove who it did belong to, and admitting that nobody had ever claimed any part of the wood from him.   The court having overruled this evidence of the defendants, they brought this writ of error.

Nothing can be plainer than that the ruling below was right.   It will hardly do, when a person has thus reaped the benefit of a sale, and is holding the proceeds in his pocket, when called upon to pay, to answer, true, I bought; true, I am enjoying the thing I purchased ; true, I cannot say who does own it ; true, nobody else claims it; but if the court will permit me, I will entertain them and the jury some days, seeing if I cannot find somebody in whom I can show some claim.

The case is too plain to justify either argument or reference.

Let the judgment be affirmed.