GEORGE J. ZEHNBAR, SHERIFF OF PUTNAM COUNTY, GEORGE R. FAIRBANKS, AND JAMES M. BAKER, TRUSTEES, APPELLANTS, VS. MARY E. SPILLMAN, MARGARET C. GAY ET AL., APPELLEES.

1. A suit by bill in chancery is the proper proceeding for the removal of trustees, but if the proceeding be by petition, which contains proper jurisdictional matter and makes proper parties, the decree therein will not be void because the paper is styled a petition instead of bill.

2. The fact that in such petition the prayer is for notice to the defendants instead of subpœna, does not of itself render the proceeding void. It is an irregularity that might be waived by the defendants, in which event they would be as fully parties before the court as if brought in by subpœna; but if they fail or refuse to appear on mere notice, without service of subpœna, the court does not acquire jurisdiction of them, there being no law to authorize that mode of bringing them within its jurisdiction.

3. A mortgage given by trustees was foreclosed, and the mortgaged property sold, but the proceeds of sale being insufficient to satisfy the decree, an order was given for executions to issue against the trustees for the balance due, to be satisfied out of trust property not covered by the mortgage: *Held,* That the order and the executions were void for the reason that trust property can only be reached by proceeding in chancery when it is bound by the trustes within the scope of their authority, and the rule (89 for suits in equity) which authorizes execution on failure of the mortgaged property to satisfy a decree of foreclosure does not apply.

Appeal from the Circuit Court for Putnam county.

The facts of the case are stated in the opinion of the court.

*Fleming & Daniel* for Appellants.

*J. C. Marcy & Son* for Appellees.

MAXWELL, J.: A statement of the main matters of this case will be found in 19 Fla., 500, under the title of Shalley, sheriff, Fairbanks et al. vs. Spillman et al., decided at the June term of this court, 1882—Zehnbar having been since substituted as a party in place of Shalley, then sheriff. Referring to that statement for fuller particulars, a brief synopsis will suffice in the present appeal, with the addition of some matters set forth in an amended bill to meet the decision in the former appeal.

The original bill was for an injunction sought by appellees to restrain the sale by the sheriff of a parcel of land known as "Saratoga." The sheriff held two executions, one in favor of Baker, trustee, and the other in favor of Fairbanks, against Sofiela, St. Charles and Hind, trustees of St. Johns Co-operative Colony. These executions were issued in accordance with the chancery practice in this State, to satisfy unpaid balances due under the foreclosure of mortgages obtained by said Baker, trustee, and by said Fairbanks, against the said three trustees of the Colony— the mortgaged property having failed to bring enough to pay the foreclosure decrees. The Saratoga property had been conveyed to the three trustees, and the executions were put upon it under the idea that the title was still in them, and that therefore it was subject to the executions. On the other hand the appellees seek to enjoin a sale under the executions, on the ground that before any lien was acquired under them those trustees had been removed by valid proceedings of court, and thereby divested of their

title, and other trustees appointed, through whom said appellees derived title to said property, and because they are the legal owners thereof, the same having been sold and conveyed by the new trustees, Pullis, McConkey and Kelly, to the Florida Colonization Company, and by the directors of that company sold and conveyed to appellees. They are in possession of the property, and the object of the injunction is to prevent a cloud from being cast on their title by the threatened sale under the executions, and also to prevent a multiplicity of suits.

When the case was here before it went off adversely to appellees, on the ground that it did not appear that the trustees of the "St. Johns Co-operative Colony," against whom the executions ran, had been removed, the proceedings under which it was claimed they were removed being proceedings in regard to trustees of the "St. Johns Colony;" and because their bill to enjoin a sale as a cloud upon the title failed to show that the execution defendants ever had an interest in the land. Upon amendment of the bill made by leave of court after the case was remanded, it is shown, the allegation not being denied, but admitted by demurrer, that the "St. Johns Co-operative Colony" and the "St. Johns Colony" were one and the same organization, and that these names were used interchangably, but that it was ordinarily known in common parlance and business transactions as the "St. Johns Colony." That was the chief matter of amendment. The case thus comes to us relieved of the objection to the bill on which it was decided when here before. It was heard below on the original and amended bills, the answer, which was taken as an answer to both, and a demurrer to the amended bill. As it stands now, appellants maintain that the decree removing the original trustees and appointing the new ones did not divest the former, who are defendants in the executions, of

their title to the trust property, while appellees claim that it did, and that said property vested in the new trustees appointed by the decree, through whom comes their title; and this appellants say in their brief "is the main question for consideration in the case."

The question arises in this way: Stockholders of the Colony, of which we speak as if there were no variance or confusion in the name, instituted a proceeding in the Circuit Court of Duval county to have the original trustees of the Colony removed and new trustees appointed. The complaint filed, setting forth the facts on which the application for removal was asked, is styled a petition. So far as appears by the record of that proceeding, which is attached as an exhibit to the bill in this case, there was no process issued against the trustees to bring them into court, and the only showing of notice to them is an affidavit of the attorney in the case that notices of the intended application "were duly served"—one sent to St. Charles, a resident of Brazil, November 4, 1880, one served on Sofiela about the same date, and that Hind gave his assent in writing. The decree rendered in the case has a recital of its "appearing to the court that due notice had been given said trustees." It is insisted by appellants that the decree is void because the court had no jurisdiction to proceed by petition in such a case, and because no legal service or notice of the proceeding was ever had upon the trustees.

The general rule is that the removal of trustees and the appointment of substitutes must be by bill in chancery and not by petition. Where the proceeding has been by petition, it was because that mode was authorized by statute. Hill on Trustees, 295; *Ex-parte* Hussey, 2 Whar., 330; *In Re.* Van Wyck, 1 Bar. Ch., 565; *In Re.* Livingston, 34 N. Y., 569; People vs. Norton, 9 N. Y., (5 Selden) 176. In this State there is no statute authorizing the proceeding by

petition. But the case at bar is not one in which we can say that the decree of the court in removing one set of trustees and appointing another set is void because the proceeding was commenced by petition. The court was addressed as sitting "in chancery," and had jurisdiction of the subject matter, and it was only an irregularity in the form of proceeding, that it was presented by petition instead of bill. The matter of the petition is just what a bill would have contained, and is set forth in the usual words of a bill, except that the word petitioners is used in place of orators. A material difference, however, is in asking that notice be given to the trustees to be removed, in such manner as the court might direct, instead of a prayer for subpœna. It is conceived that this may be treated as an irregularity, inasmuch as the direction might have been for the issue of a subpœna, and publication of notice as to non-residents, in case of failure of service, the latter being authorized by statute where there are both resident and non-resident defendants in the suit. Besides, if upon getting the notice the trustees had chosen to appear, and offering no resistance, or resisting unsuccessfully, the same decree had been rendered, we apprehend there could be no question of its binding efficacy on all parties in interest; wherefore the fact that the decree was rendered on a petition is not for that reason sufficient to stamp it as void, if the petition contains proper jurisdictional matter and makes proper parties. See People vs. Norton, *supra ; In Re.* Livingston, *supra ; Ex-parte* Kunst, 1 Bailey's Eq. R., 489 ; Curtis vs. Smith *et al.,* 60 Bar. Sup. Ct. R., 9 ; Budd vs. Hiler, 27 N. J. Law, (3 Ducher) 43—the last two cases holding further that for such defect the decree cannot be attacked collaterally.

The other ground on which it is contended that the decree is void, that is, because jurisdiction of the parties was

not acquired, there being no legal service of process or notice, has better warrant. There is no law of this State which authorizes a proceeding instituted in chancery to be conducted on notice. There must be a subpœna. A bare notice the defendant may disregard, and if there is no service of subpœna nor publication when authorized, and no appearance, any decree in the case will be void for want of jurisdiction of the party. Freeman on Judg., sec. 116 ; Ponder vs. Moseley, 2 Fla., 207 ; Porter vs. Bevill, 2 Fla., 528. The rule announced in Ponder vs. Moseley " that judgments of courts of general or competent jurisdiction are not considered under any circumstances as mere nullities, but as records importing absolute verity, and of efficacy until reversed by a competent appellate tribunal—they are voidable, not void," must be taken with the qualification that the court had jurisdiction both of the subject matter and of the person ; and it is clear from other portions of the opinion that it was not intended to hold that a judgment where the court had no jurisdiction of the person is merely " voidable, not void." The too broad announcement of the rule was doubtless made inadvertently from the fact that the learned Judge was dealing with a case in which there was jurisdiction of the person as well as of the subject matter ; for he elsewhere says that " to perfect the jurisdiction of a court of general jurisdiction it is necessary to have jurisdiction of the person of the defendant in the action."

A decree being void where it is shown by the record that the court had no jurisdiction of the defendant, how stands this case in that respect ? The record purports to show the jurisdiction, but the showing is insufficient. It " appearing to the court that due notice " was given, only shows attempted mode of acquiring jurisdiction which is illegal, there being no law to authorize it. Mere notice in

such case was futile, and was the more so as to two of the three defendants, who were non-residents, one of them being in a foreign country. So, what is shown towards jurisdiction of the trustees—defendants, is really as if the record showed nothing, and it speaks with no legal verity. This defect in the proceeding is fatal, and the decree void, and it may be attacked collaterally, as is done here by appellants.

But are they in a position to attack it ? In other words, have they rights which authorize them to attack it ? They claim that the decree removing the old trustees being void, the legal title to the trust property which they are seeking te sell under executions, is still in them, and that the order under the decrees of foreclosure on which the executions were issued are liens on said property. It will be remembered that the executions were for unsatisfied balances due on decrees of foreclosure, the mortgaged property having been insufficient to pay the decrees, and that the executions ran against the defendants, " trustees of the St. Johns Co-operative Colony." The order for the issue of the executions directed that they " be levied upon and collected out of any trust property of the defendants, the said St. Johns Co-operative Colony, and not otherwise." There is no authority of law for such an order, nor do we know of any law which authorizes the levy of an execution against trustees upon the trust property. And, to go back a step, we know of no law which gives a lien on trust property under a judgment on decree against trustees, further than it may be given on such property when it is a special subject of the decree. Trustees, so far as authorized by their appointment, may bind trust property, but no lien can be acquired upon it otherwise. They can make no contract, nor incur any obligation, which can be enforced in any proceeding against them alone through the trust property, unless the

contract or obligation itself embraces the property. If they give a note in their own names, adding, as for instance in this case, " trustees of the St. Johns Co-operative Colony," the trust property cannot be reached by a judgment on the note against them as trustees. It is their personal note, and the judgment would be a personal judgment against them to be satisfied out of their own property. In short, the trust property cannot be reached except by a proceeding in chancery to which the *cestuis que trust* must be made parties, unless in cases where the property has been bound by the trustees within the scope of their authority. It is true the executions in this case emanated out of a chancery proceeding, but it was under a peculiar practice that invests them with the character of common law executions, and they can have no other force than if issued upon judgments on the notes for the security of which the foreclosed mortgages were given. For this law, on which we hold that appellants have no liens upon the trust property, and that executions against the trustees cannot touch that property, see Freeman on Judgments, section 368 ; Hills vs. Bannister, 8 Cow., 32 ; Hill on Trustees, 3rd Am. Ed., 66 ; Robinson *et al.* vs. Springfield Co., 21 Fla., 203.

The decree is affirmed.