STATE, *ex rel.* J. E. D. YONGE, DICKSON H. CARTER and FRANCIS B. CARTER, JR., as surviving partners of the firm of Carter & Yonge, v. JAMES H. FRANKLIN, JAMES E. BEARDSLEY, GEORGE A. CHALKER, E. R. McNEILL, H. L. LYONS, as and constituting the Board of Commissioners of Everglades Drainage District, and the said EVERGLADES DRAINAGE DISTRICT, a body corporate.

184 So. 237.

Opinion Filed October 31, 1938.

*Carl T. Hoffman* and *L. L. Robinson,* for Relators;

*Fred H. Kent,* for Respondents;

*Watson & Pasco & Brown,* as *Amici Curiae.*

WHITFIELD, P. J.—In mandamus proceedings it is alleged that the relators had obtained a judgment at law against the Board of Commissioners of Everglades Drainage District, a governmental body corporate, for professional legal services and expenses rendered by relators to the official Board,

and that the execution issued on the judgment at law had been returned "unsatisfied." The Board operates under statutory authority and has authority to administer and disburse funds as provided by statute under which taxes are levied for governmental purposes.

Upon petition filed, an alternative writ of mandamus was issued commanding the members of the Board "forthwith to do or cause to be done all acts, matters, proceedings and things necessary to pay over to the petitioners upon their said judgment so much of the proceeds of the taxes levied and imposed by Chapter 6456, Laws of Florida, Acts of 1913, and Acts amendatory thereof; and so much of any other moneys belonging to the said Board or to the said Drainage District as may be necessary to pay said judgment and the petitioners, or to * * * show cause."

A motion to quash the alternative writ was filed. It is alleged by relators that "money collected" under the statute "comprised and constituted a limited trust fund in the nature of assessments for the benefit of the Everglades Drainage District and the bondholders thereof and out of which fund loans to the said District were to be repaid pro rata, and a sinking fund created for the retirement of the principal of the bonds that the Board of Commissioners of said District should issue under the lawful authority granted them, and to the payment of interest on said bonds."

No appropriation was expressly made to pay from such trust funds claims similar to those of relators.

It is also alleged that: "As legal counsel for the said Board of Commissioners of Everglades Drainage District, and in the scope of their employment as aforesaid, petitioners assisted and served the said Board and did by and because of their efforts as attorneys for said Board protect and conserve the said fund created from the proceeds of the acreage taxes aforesaid and preserved said fund from

the efforts and attacks of individual bondholders of Everglades Drainage District seeking to divert the proceeds constituting said fund from disbursement in the manner provided by law, to the end that said fund be used and applied to the strict purposes of said trust to the interest and benefit of all bondholders and other beneficiaries of said trust under guidance of the decree and judgment of a court of last resort, and in consequence thereof, the legal fees of your petitioners as evidenced by the above mentioned judgment constitute a lien upon the funds arising from the said acreage taxes."

The relators' allegations and the statutes referred to therein and the insolvent condition of the fund, clearly show that the proceeds of tax collections from which the payments are commanded to be made, are statutory funds which are expressly appropriated to the payment of bonds issued and other authorized expenses incurred by the district; and while the statute contemplates the payment of all proper expenses in executing the purposes of trust, yet there is no express appropriation to pay any class of such expenses; and being trust funds, payments therefrom not covered by commands of the statute are not to be enforced by courts of equity and not by mandamus unless so provided by a valid statute.  See Zehnbar v. Spillman, 25 Fla. 591, 61 So. 214; Moran v. State, 11 Fla. 429, 149 So. 477; State, *ex rel.*, v. Knott, 129 Fla. 136, 176 So. 113.  See also 38 C. J. 558-562; State, *ex rel.*, v. Richards, 50 Fla. 284, 39 So. 152.

The alternative writ is quashed.

TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.