CAINES *against* HUNT.

The plaintiff is entitled to two real and substantial persons as special bail; but if one real and one fictitious person be put in as special bail, the plaintiff cannot treat the bail-piece as a nullity, and take an assignment of the bail-bond; but the proper course is to except to the sufficiency of the bail.

POWERS, in behalf of the defendant, moved to set aside the proceedings on the bail-bond in this cause. The writ in the original cause was returnable last *November* term. On the 12th *December*, special bail in the cause was filed in the clerk's office, and a notice thereof, with a notice of retainer by the defendant's attorney, served the same day, on the agent of the plaintiff. The defendant's affidavit stated also, that he had a good and substantial defence on the merits.

It appeared that the bail-piece contained the name of one real and substantial person and *John Doe*.

The plaintiff regarding the bail-piece as a *nullity*, commenced the suit on the bail-bond, and on the 25th *May* last, entered a default, for want of a plea.

*Coleman's Cas. 42.*

*Caines*, contra. In *Wendover* v. *Ball*,\* there was a similar bail-piece, being one real and one nominal person, and a justification by the real person, and the court said it was *no bail*, and would have granted a rule against the sheriff, if he had not stipulated to put in additional bail. The practice of putting in such bail, the court said, had obtained, merely because no one had opposed it. There was no exception in that case, and the bail was treated as a *nullity*.

In *England*, one bail is considered as no bail, and if treated by the plaintiff as a nullity, the court will refuse to stay proceedings against the sheriff on the bail-bond.†

† *Pract. Regis.* 84, 85. *Impey's C. P.* 214. 2 *Bos. & Pull.* 40. 1 *Bos. & Pull.* 356. But see 2 *East*, 181. and *Doug.* 466. n. as to practice in K. B.

And such, according to the decision in *Wendover* v. *Ball*, is the rule of this court. Though a different practice may have prevailed, yet, being erroneous, it cannot be sanctioned by time, merely because it has passed without opposition.

Here the plaintiff, by suing the bail-bond, made his election to treat the bail-piece as a nullity.

A bail-piece is an entire thing it cannot be good in part, and bad in part; and if a nullity, it may be wholly disregarded, and the plaintiff may proceed as if nothing had been done.

*Powers*, in reply, said that in *Ferris* v. *Phelps*,[*] the court set aside the judgment on the bail-bond, because the plaintiff had neglected to except to the special bail. If the bail are insufficient, the proper course is to except to them.[†]

[*] 1 *Johns. Cas.* 249.

[†] 2 *Tidd's Prac.
K. B.* 223. 228, 229.

*Per Curiam.* This case is different from those cited by the plaintiff, from the *English* books, which were proceedings against the sheriff. Where insufficient or improper bail are put in, the regular course is for the plaintiff to except to them. He cannot treat the bail-piece as a nullity, and proceed on the bail-bond. The proceedings in this case on the bail-bond were therefore, irregular.

Rule granted.