## WATERMAN & WELLS *against* ALLEN, impleaded with ALLEN.

PHŒNIX, moved to set aside default, &c. for *irregularity.* The declaration was filed and served *de bene esse,* a rule to plead entered, and notice thereof given, *November 26th,*

they are as no bail; and the plaintiff may file common bail, and proceed under the statute. The plaintiff is not bound to accept a plea, until the bail have justified. And though he refuse a plea on this ground, he may afterwards file common bail, and enter a default.

1822. The 24*th December* following, special bail, (one real and one nominal) was put in, and notice thereof, with a copy of the plea, served on the plaintiff's attorney. The same day, the copy of the plea was returned to the defendant's attorney, an *exception* to the bail entered, and notice thereof served. *January* 16*th*, 1823, the plaintiff's attorney filed common bail, and entered a default. *January* 20*th*, the defendant put in other bail, notice whereof was given to the plaintiff's attorney, with a copy of the plea, and a notice of *justification*, for the 25*th* of the same month, before the Recorder of *New-York*. The copy of the plea was again returned by the plaintiff's attorney, who told the defendant's attorney, that default had been entered. The special bail *justified* under a subsequent notice, in *April* last, previous to which, there had been several notices of *justification*, the costs of which were unpaid. Copies of the affidavits of justification, the order of allowance of the bail, with a copy of the plea, were again served ; but the plaintiff's attorney refused to receive the plea.

*I. M. Ely*, contra, said the plaintiffs, having waited double the time allowed for giving special bail, were entitled, under the statute, to file common bail, and enter a default. (1 *R. L.* 324.) Accepting a plea would have been a *waiver* of special bail, and the plaintiffs had a right to refuse it, as they had done. The bail having been *excepted* to, and not *justifying* within the proper time, are as no bail ;(a) and the plaintiffs might have proceeded against the Sheriff, or upon the bail bond. (*Ferris* v. *Phelps*, 1 *John. Cas.* 249, *S. C. Col. Cas.* 95. *Caines* v. *Hunt*, 8 *John.* 358.)

Again ; here had been several notices of *justification*, which we were entitled to the costs of opposing, before the defendant had a right to *justify*. (*The King* v. *The Sheriff of Middlesex*, 1 *Taunt.* 56.) So that, in any point of view, here was no special bail, and we had a right to file common bail, and proceed as we have done.

(a) *Jones* v. *Tubb*, 1 *Wils.* 337. *Gould et al.* v. *Holmstrom*, 7 *East*, 580. *People* v. *The Judges of Onondaga*, *ante*, *p.* 54.

NEW-YORK,
May, 1823.

*Phœnix*, in reply, said that, at any rate, when common bail was filed, the reason for refusing the plea had ceased, and the plaintiffs had, by their own act, made the first service a good one. Before proceeding to a default in such a case, he thought the plaintiffs ought, at least, to be holden to the English practice of demanding a plea.

*Curia.* The plaintiffs are regular, but as there is an affidavit of *merits*, we grant the motion on payment of costs.

Rule accordingly.