HOPPING vs. QUIN.

An *attorney* cannot recover against his *client* the costs of a suit in which the judgment is set aside for *irregularity*, nor the costs of opposing the motion to set aside the proceedings; nor can he recover for *money paid* for his client, if it be paid to satisfy the costs of a judgment of discontinuance suffered by his negligence or ignorance.

Where an attorney is retained to bring a suit, which he accordingly brings and prosecutes to judgment, and the judgment is subsequently set aside for irregularity, *it seems* that he cannot subject his client to the costs of a second suit for the same cause of action, if since the commencement of the first suit, the party against whom the suit was brought has obtained a discharge as an insolvent debtor.

THIS was an action of *assumpsit*, tried at the Ononadaga circuit in October, 1832, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The plaintiff sued the defendant for costs due to him as his *attorney*, in the prosecution of two suits against J. Emmons, and for moneys paid in the prosecution of the suits. On the 14th August, 1829, Quin put two notes given by Emmons into the hands of Hopping for collection; they bore date 14th February, 1829, and were payable six months after date. On the 17th August, 1829, *the last day of grace*, Hopping issued a writ against Emmons, on which he was arrested. In October, 1829, Emmons retained an attorney to defend the suit, who, finding that a *default* for not pleading had been entered, requested Hopping to waive the default, offering to do what the practice of the court required in such cases. Hopping refused to comply, and the attorney for Emmons applied to the court to open the default; who, on the 26th November, did open the same, directing Emmons to pay the costs of the de-

fault, and Quin the costs of the motion. On the next day Hopping perfected his judgment, and issued a *ca. sa.* against Emmons; which judgment, on the 6th March, 1830, was set aside with costs, as irregularly entered. Emmons then put in a plea, and Hopping neglecting to reply, judgment of discontinuance was entered against Quin on the 24th May, 1830, in which the costs, were taxed at $36,77. A *ca. sa.* was issued for such costs. upon which Quin was arrested; and to relieve him from the arrest, Hopping gave his note to the attorney of Emmons for the amount of the execution, which he subsequently paid. On the 7th April, 1831, Hopping filed a new declaration for the same causes of action against Emmons, who, in May term 1831 gave a *cognovit*, on which a special judgment was entered in August, 1831, for $143,94 damages and $25,16 costs exempting the body of Emmons from imprisonment. It was proved that on the 22d October, 1829, Emmons obtained a *discharge as an insolvent debtor*, exempting his body from imprisonment. The plaintiff claiming to recover, the costs of the first judgment, the costs of opposing the motion to set aside the default, the costs of opposing the motion to set aside the assessment and all subsequent proceedings, the costs of a motion for a mandamus to vacate the rule setting aside the default, and the costs of the second judgment entered on the cognovit, amounting, together, to the sum of $62,61. He also claimed to recover $34,76, the amount of costs paid to Emmons' attorney to relieve Quin from arrest on the *ca. sa.*

The defendant insisted that the plaintiff was not entitled to recover the *costs of the first suit* prosecuted against Emmons, on the ground of negligence and want of skill in the plaintiff in conducting the same; secondly, that he was not entitled to recover for the money paid to Emmons' attorney, there being no proof of its having been paid *at the request* of the defendant; and thirdly, that he was not entitled to recover the *costs of the second suit* against Emmons, he not having shown that he had been *retained* to bring such *second suit*, and it appearing that during the pendency of the first suit Emmons had become insolvent. The judge charged the jury on the first point that the plaintiff was not chargeable with negligence in the conduct of the first

suit after the return of the writ; that it was their duty to determine whether or not the first suit had been negligently and prematurely commenced, and if they found in the affirmative upon that point, the regularity of the subsequent proceedings was not in question. On the second point, he submitted the question to the jury, whether the money paid to Emmons' attorney was or was not paid at the request of the defendant; and on the third point he instructed them that it was not incumbent on the plaintiff to show a second retainer; that having been retained to bring the first suit, and failing to obtain a judgment which could be enforced, he was authorized to commence a second suit, unless forbidden by the defendant. The jury found a verdict for the plaintiff for $65, 57, and the circuit judge, on the application of the defendant subsequently made, granted a new trial. The plaintiff appealed to this court from the decision of the circuit judge granting a new trial.

*S. Stevens*, for the plaintiff.

*D. Wager*, for the defendant.

*By the Court*, SAVAGE, Ch. J. In my opinion, the judge erred in saying that the proceedings of the plaintiff could not be called negligent. The defendant put two notes into his hands for collection, when they had three days to run before a suit could be brought upon them. About the time when he ought to have received his money, he was arrested on a *ca. sa.*, at the suit of his debtor, for a bill of costs; and it seems to be made matter of complaint in the case, that he was surprised and angry. He had cause enough for surprise, and for irritation also. It was the duty of the plaintiff to have known that a suit could not be brought on the last day of grace, and his bringing such suit must be imputed either to negligence or ignorance; in either case, it lays no foundation for an action against his client, who has been the sufferer. The plaintiff was in fault in not waiving his default according to the rules of the court, and in entering judgment after the default had been set aside. His whole proceedings, from beginning to end

were wrong ; and yet he asks his client to pay him for his ser-
vices.   He was entitled to nothing, and so the judge ought to
have told the jury.   On the contrary, he was bound to pay
his note to Emmons' attorney ; and if, by his negligence, his
client lost his debt, he was liable for the amount, or for any
less damage he may have sustained.   Whether he would be
justified in bringing a second suit without directions from his
client, would depend upon circumstances.   If, after the com-
mencement of the first suit, Emmons became insolvent, and
there was no prospect of collecting the money from him, it
was not the duty of the attorney to commence a second suit,
as it could produce nothing to his client but would subject him
to the payment of a bill of costs.

Order of circuit judge for new trial confirmed ; costs to abide
event.