## TALBOT MURDEN *v.* PETER PRIMENT.

In an action to recover damages for a tort, the defendant cannot set up, as a counter-claim or recoupment of damages, an independent tort committed by the defendant and not connected with the transaction upon which the plaintiff's right of action is founded.

The cases specified in which, prior to the Code, the defendant was allowed to recoupe his damages. *Per Daly, J.*

*It seems*, that all which formerly was allowed to be set up as a defence, by way of recoupment, is now available as a counter-claim under the Code.

APPEAL by defendant from a judgment of the Marine Court. This was an action to recover damages for injury to person and property. The defendant set up a counter-claim in his answer. The facts were these : The plaintiff occupied the first story of the store 145 Elm street, as a blacksmith's shop. The defendant occupied the story immediately overhead. He bored several

auger holes in the floor of his room and poured water down on the workmen and tools in the plaintiff's shop. The tools were injured, the coal wet, and the plaintiff at one time was ·obliged to stop work in consequence. The defendant on the trial offered to prove, by way of recoupment or counter-claim, damages suffered by the defendant from smoke coming into his place from the plaintiff's forge. The evidence was excluded and the defendant's counsel excepted. A verdict of one hundred dollars was rendered for the plaintiff, and from the judgment entered on this verdict the defendant appealed.

*H. H. Morange*, for the appellant.

*Felix Hart*, for the respondent.

INGRAHAM, FIRST JUDGE.—The evidence offered of a counter-claim was properly rejected. I am at a loss to see how any counter-claim can arise in an action for trespass on lands. If there could be any case to admit of it, by the Code, § 150, it can only be where it is for a cause arising out of the transaction set forth in the complaint. This was for pouring water through holes in a floor upon the plaintiff's premises. The defendant sought to recover damages occasioned by smoke arising from the plaintiff's premises. How smoke from the plaintiff's premises can be said to arise out of a transaction such as the plaintiff complains of, viz.: pouring water from defendant's premises upon his, it is difficult to discover, unless it was occasioned by the extinguishment of the fires of the plaintiff by the defendant's acts. The evidence was neither admissible as a counter-claim nor in mitigation of damages.

The cause of action was fully proved to have been committed by some one on the plaintiff's premises, and under circumstances from which the assent or knowledge of the defendant might be presumed.

The conduct of the defendant and his answers, when informed of the injury, strengthened that presumption, and warranted a finding in the plaintiff's favor.

There was no error in the justice's charge of which the defendant can complain. If there was any, it was in the defendant's favor.

The return does not show what verdict or judgment was rendered, but as the defendant appeals from a judgment, I conclude the judgment rendered was for the plaintiff. If so it should be affirmed.

DALY, J.—The defendant asked to set up a distinct and independent tort committed by the plaintiff, by way of counter-claim or as a recoupment of damages. The injury complained of could not be set up as a counter-claim, for the reason stated by the first judge, that it had no connection with the transaction upon which the plaintiff's right of action was founded, nor was it available to the defendant by way of a recoupment of damages. As the law stood before the Code, a recoupment of damages was allowed against a party seeking to enforce a contract where he had done something or omitted to do something, under the contract, whereby the other party had sustained loss or injury. As where the plaintiff erects a house for the defendant, but the work or materials are inferior to what was contracted for, then the defendant shall recoupe, or cut off, the deteriorated value of the work or materials from the contract price. *Foster* v. *Butler*, 7 East, 479; *Grant* v. *Button*, 14 Johns. 377; *Ives* v. *Van Epps*, 22 Wend. 155. So, where the contract is sought to be enforced, the defendant might recoupe damages for a breach of warranty on the thing sold (*Rait* v. *McAllister*, 8 Wend. 109; *Jones* v. *Scriven*, 8 Johns. 358; *Cook* v. *Mosely*, 13 Wend. 277), or for fraud, as where the plaintiff sold a mare, knowing it to be diseased, or made fraudulent representations on the sale of land. *Benton* v. *Stewart*, 3 Wend. 236; *Spalding* v. *Vandercock*, 2 id. 431; *Allaire* v. *Whitney*, 1 Hill, 414; *Bleecker* v. *Vrooman*, 13 Johns. 302; *Till* v. *Rood*, 15 id. 230; *Lewis* v. *Cosgrove*, 2 Taun. 2; *Van Epps* v. *Harrison*, 5 Hill, 63. So, in an action by an attorney or surgeon for services, the defendant might recoupe for the damages resulting from the plaintiff's want of skill (*Gleason*

v. *Clark*, 9 Cow. 57; *Hopping* v. *Quin*, 12 Wend. 517; *Fleming* v. *Niagara C. P.*, 12 id. 246; *Duffet* v. *James*, cited in 7 East, 479), or in an action for use and occupation, the defendant may recoupe damages for the breach of an agreement to keep the premises in repair. *Westlake* v. *Degraw*, 25 Wend. 669; *Ethridge* v. *Osborn*, 12 id. 529; *Dorwin* v. *Potter*, 5 Denio, 306. But there can be no recoupment for a distinct and independent wrong on the part of the plaintiff. *Cram* v. *Dusser*, 2 Sandf. S. C. 120. It is allowable only where a man brings an action for a breach of a contract between him and the defendant, and the defendant can show that he has sustained injury, in consequence of the violation of some stipulation or condition in the contract on the part of the plaintiff. *Ives* v. *Van Epps*, 22 Wend. 155. Thus, in *Cram* v. *Dusser*, the tenant, in an action for rent, was not allowed to recoupe damages for negligent and tortious behavior on the part of the landlord, his servant, in making repairs upon the premises, though the right to enter and make repairs was reserved by the lease. It is presumable that all that was allowable formerly by way of recoupment is available under the Code as a counter-claim, and if the defendant could not set up the injury complained of as a counter-claim, he could not do so by way of recoupment.

Judgment affirmed.