## COLE *v.* ROBY.

*(Supreme Court, General Term, Fifth Department.* October 23, 1891.)

ATTORNEY AND CLIENT—COMPENSATION—ATTORNEY'S NEGLIGENCE.

In an action to recover for services rendered as an attorney, it appeared that after an adverse judgment in an action by defendant, in which plaintiff was his attorney, plaintiff wrote twice to defendant, stating that the judgment was erroneous, and advising an appeal, and finally received a telegram from defendant, before the time for appealing had expired, directing him to take an appeal. Plaintiff replied that it was too late, and failed to appeal. *Held,* that the contract for plaintiff's services was entire, and having failed to appeal, he could not recover for any services rendered.

Appeal from circuit court, Cattaraugus county.

Action by George W. Cole against Sidney B. Roby to recover for legal services rendered defendant. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*James G. Johnson,* for appellant. *G. W. Cole, in pro. per.*

MACOMBER, J. This case has been tried three times. At the first trial, held in September, 1888, before Mr. Justice DANIELS and a jury, a verdict for the plaintiff was rendered in the sum of $125. Upon a motion made for a new trial upon the minutes of the court the verdict was set aside, and a new trial granted. From such order granting a new trial the plaintiff appealed to the general term, where the order was affirmed. 7 N. Y. Supp. 952. Upon the second trial the plaintiff recovered a verdict of $157.34. A motion was again made by the defendant for a new trial upon the minutes, which was denied by the circuit court; but from the order denying such motion an appeal was taken to this court, where the order, together with the judgment entered upon the verdict, was reversed and a new trial granted. 11 N. Y. Supp. 257. Upon the third trial the recovery was $148.23, and from the judgment entered upon such verdict and from the order denying the defendant's motion for a new trial, made upon the minutes of the court, this appeal is taken. The plaintiff is an attorney and counselor at law, and he had conducted a litigation in behalf of this defendant as a plaintiff against one Frank J. Grief, upon an account for goods sold and delivered, amounting to $1,200. The controversy in that action turned upon the contention made by the plaintiff therein that a certain bill of sale, absolute in terms, covering carriages, the value of which was expressed to be $945, was a security only for the payment of the original indebtedness; and the counter-contention by the defendant in that action, that the transfer was absolute, and worked a payment to the amount of $945 upon Roby's account. The form of the action, however, was a complaint founded upon an allegation of a balance remaining due and unpaid from Grief to Roby over and above the amount which the alleged mortgaged property actually brought upon the sale made under the written instrument. A firm of lawyers known as Ansley & Davie had been employed by Roby to conduct the chattel foreclosure; but the action for the deficiency arising upon such sale was brought by the plaintiff in this action, who was formerly a clerk for Ansley & Davie, and he had in person conducted the sale under the chattel mortgage. By consent of the attorneys of record in the action thus brought by Roby for the deficiency, the issues therein were referred to a referee, who reported adversely to Roby, the plaintiff in that action, and upon that report a judgment was entered on the 8th day of January, 1887, of a dismissal of the complaint, and for the costs of the action. On that day, namely, January 8, 1887, the plaintiff wrote a letter, signed by Inman & Cole, of which firm this plaintiff was then a member, inclosing a copy of the referee's adverse report. In it the plaintiff in this action said: "By it you will see that the referee not only beat us on the question of the bill of sale,

but he beat us out of what we were entitled to recover, even upon the theory that the bill of sale was absolute. The figures showed that we were entitled to recover something over two hundred dollars in any event. His findings of fact in the report are not supported by the evidence in the case. He relied upon a statement of account made out by you to Grief, October 8, 1885, as the basis upon which to determine the amount due; even then you were entitled to recover about two hundred dollars or a little more, even upon the supposition that the bill of sale was an absolute one. He finds that the note of one hundred and four dollars, given July 4, 1885, and which you afterwards took up (Klager note) on December 5th or 15th, was paid by the maker, Mr. Klager. The evidence of yourself shows that it was not paid by him, and there is no evidence disputing that fact. There is also a note made by Klager on the 20th day of April, 1885, for one hundred and twenty-five dollars, payable in seven months, and it became due November 25, 1885. He does not find that note became due after the issuing of that statement. It did in fact become due after that statement was issued, and was charged back to him, having been once credited to him at the time of its receipt by you. This is also an error. The report and findings are unsupported by the evidence, and the case ought to be appealed, and the judgment reversed, and a new trial obtained before another referee. Please let us know at once what you desire to have done with the matter. This is radically wrong. The figures show you are entitled to something over two hundred dollars in any event, and if we get a new trial we do not believe any other referee would find against you on the question of the character of the bill of sale. Hoping to hear from you directly, we remain," etc. On the 28th day of February, 1887, this plaintiff, likewise writing under the name of Inman & Cole, calls the defendant's attention to his unanswered letter of January 8th, and says: "We write you again, for the time within which to appeal, should you desire to do so, has very nearly expired. Will you reply at once?" To this and the previous communication the defendant answered on March 5, 1887, by telegraph as follows: "*To Inman & Cole, Salamanca, N. Y.:* Have decided to appeal. Please take necessary steps and advise. SIDNEY B. ROBY." On the 7th day of March, 1887, this plaintiff wrote to the defendant the following letter: "SALAMANCA, N. Y., March 7, 1887. *Sidney B. Roby, Esq.*—DEAR SIR: Your telegram directing me to appeal was received Saturday evening, 5th inst.; but it came too late, as the time within which to appeal has expired. We should have been informed some time ago, as it requires some time to prepare a case and exceptions. The time, however, has expired, and your delay in instructing us to appeal is to be regretted. Yours, truly, INMAN & COLE. P. S. Mr. Vreeland said he would not issue exception for costs if you desired to pay them without." In view of this written, and therefore indisputable, evidence, Mr. Justice DANIELS set aside the verdict of the jury, and granted a new trial, under an opinion which clearly indicated a judgment that the plaintiff could not recover of the defendant compensation for the services rendered in the *Grief Case*, for the reason that he had failed to bring an appeal from the judgment entered upon the report of the referee, after positive instructions in writing to do so, and, as it then indisputably appeared, before the time to appeal had elapsed under any notice of the entry of judgment.

Upon the second trial this plaintiff was permitted to testify that he was mistaken in saying that Roby was entitled to recover in any event about the sum of $200, irrespective of the legal construction of the written agreement between Roby and Grief. Upon an appeal to this court that evidence was deemed to be incompetent, as merely an expression of an opinion, unaccompanied by facts. In the opinion then rendered it was held that the plaintiff's contract with the defendant in the litigation was entire in its character, and not divisible, and that any misconduct on the part of the attorney to bring

an appeal would deprive him of the right to compensation for past services in that action. Judge DANIELS, in the opinion already adverted to, says, if the notice of appeal had been served when it was directed to be, the defendant might have some redress, and, upon the statements contained in the letter, undoubtedly would, so far as the amount of the note and the balance upon the account of $200 were included in the action. It was the duty of the plaintiff, as Roby's attorney in that action, to employ that degree of attention, skill, and diligence in taking, not only the proceedings leading up to the judgment, but the subsequent appeal which he advised to be taken, and which, under his advice, he was positively, in writing, directed to take. As Judge DANIELS says, if the plaintiff failed to discharge the duty which he owed to the defendant, and the defendant was injured by reason of such failure, the attorney should be held liable for the injury. While it is true that a legal presumption exists that the judgment so entered was not erroneous, yet such presumption may be easily overcome by evidence, such as was laid before the client by the attorney in the letter above quoted, not as expressions of opinion only, but as statements of fact, by a person having knowledge of his assertions, to the effect that there had been a palpable mistake made by the referee in the action resulting in the dismissal of Roby's complaint. If the referee found as the letter states he did actually find, and as we must presume he did find, in the absence of proof, (because the original record of the trial of Roby against Grief if not before us,) then the Klager note had been taken up by Roby, and had not been paid by the person principally liable thereon. The positive statements made by the plaintiff in that letter were sufficient to warrant the defendant in acting upon them; for he had a right to assume and believe, under the relations of attorney and client which existed between the parties, that such statements were made intelligently and fairly, and not for selfish purposes.

In its material aspects the case, as it appeared upon the first two trials, was not changed upon the third trial, though an attempt was there made to show that the notice of the entry of judgment in the *Grief Case* had been served, together with a copy of that judgment, upon Roby's attorneys on the 8th day of January, 1887; but there was no evidence showing that any notice which might have been at that time served limited Roby's right of appeal from the judgment entered upon the report of the referee. The court was asked by defendant's counsel to charge as follows: "I ask that this be charged as a question of law, that there is no evidence of the service of a sufficient notice of the entry of judgment limiting the time of appealing the case of *Roby* v. *Grief* to thirty days from January, 1887. *The Court.* Upon the request of defendant's counsel I charge you that the jury are instructed in the language of that request." This final ruling of the learned justice at the last trial renders it unnecessary, in our judgment, to consider the exceptions taken to the charge as given and to refusals to make a charge in accordance with other requests. In our judgment, the final decision of the justice that there was no notice sufficient in law to limit Roby's time to appeal was correct. The attorney of Grief in that case testified that he thought that he served the judgment and notice of the entry thereof personally on Inman or Cole in their office on the 8th day of January, 1887. He described it, however, as a judgment, as he said, that was entered on the 7th day of January, while the record given in evidence conclusively establishes the fact that there was no judgment entered in that action on the 7th day of January. The effort on the part of this plaintiff to establish the fact that there had been served upon him a copy of the judgment with a notice of entry thereof, so as to limit his time to appeal to 30 days, seems to be an after-thought, of which he availed himself only upon the last trial; while theretofore the plaintiff had consistently claimed that whatever notice had been given of the entry of judgment was received by mail; so that on the 5th day of March, when the peremptory tele-

gram was received from his client to appeal the case, the time to appeal had not in fact expired. No pretense is made by the plaintiff that any notice had been given to Roby, prior to the plaintiff's letter of the 7th day of March, that the time to appeal had expired. Indeed, there is no evidence that the time to appeal was likely to expire. On February 28, 1887, the plaintiff wrote to the defendant that the time within which to appeal had very nearly expired; but it is obvious that, if the judgment and a notice of the entry thereof had been served by mail, the time to appeal had not expired, either at the time of the writing of this letter or at the time of the reception, on the 5th day of March, of the absolute direction contained in the defendant's telegram. If the assurances which the plaintiff gave the defendant in his letter of the 28th day of February were not correct in stating, by necessary implication, that the time to appeal had not then expired, and the time had actually expired in fact, the plaintiff can be deemed hardly less liable to the defendant for his failure to notify his client of the fact that the time to appeal had been actually limited by a notice of the entry of judgment. The client lived about a hundred miles distant from his attorney, and in another county. He had no knowledge of the decision of the referee in the *Grief Case,* or of the judgment, except as he was apprised by letter from his attorney, upon whom he had, a right to rely for such information. So that, as it seems to us, the plaintiff cannot, if his contract with the defendant is an entirety, (as we held upon the previous appeal,) recover for any services which he has rendered to the defendant; because he failed, through professional neglect, to carry on the litigation as he himself advised, and as he was directed to do by his client, acting under such advice, and which he failed to do. There is a suggestion in the evidence given upon the last trial that it was the firm of Inman & Cole who were employed to take and perfect the appeal in the *Grief Case,* and not the plaintiff alone. This contention, however, is without merit. It matters not in whose name the letters were signed, or to whom the defendant's instructions to appeal had been addressed, for there is nothing to gainsay the fact that the plaintiff alone had charge of Roby's litigation with Grief, and was solely responsible for the failure to obey instructions. As it is apparent that in no view of the case which has been made upon the three trials can the plaintiff recover in this action, it is our duty, we think, to dispose of the case finally, rather than to put the parties to the formality of another trial, and to dismiss the complaint. Judgment and order appealed from reversed, with costs, and the complaint dismissed. All concur.