### ANDREWES v. HAAS et al.

(Supreme Court, Appellate Division, Second Department. December 31, 1913.)

ATTORNEY AND CLIENT (§ 150*)—COMPENSATION—PREMATURE TERMINATION OF RELATION BY CLIENT.

 Under a contract by a client, retaining an attorney to bring an action for 25 per cent. of the recovery, the client could at any time refuse to prosecute the action further without liability to the attorney except for the services already rendered, since the client alone owns the cause of action, and the agreement for a contingent fee cannot authorize the attorney to control the client's disposition of his own property, and a client may discharge his attorney arbitrarily, with liability only for services theretofore rendered.

 [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 354–357; Dec. Dig. § 150.*]

Appeal from Trial Term, Nassau County.

Action by Harold A. Andrewes against Albert Haas and another, copartners. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Harold A. Andrewes, of New York City, in pro. per.

Louis B. Eppstein, of New York City, for respondents.

JENKS, P. J.　The plaintiff, a lawyer, complains that the defendants retained him to bring an action for $180,000 and agreed to pay to him for his legal services 25 per cent. of the recovery; that thereafter he rendered legal services in the preparation of the action and of the summons and complaint, of which the latter was submitted to the defendants for verification and was verified; but that the defendants refused to prosecute the action further, although requested so to do by plaintiff, wherefore he demands judgment for $45,000 "due and owing" to him.　The defendants made general denials and pleaded certain defenses which need not now be considered.　The justice presiding at Trial Term upon consent tried the cause without a jury, and dismissed the plaintiff upon his complaint and upon his opening.

It must be presumed that this contract between attorney and client was made in contemplation of their relative rights as determined by the judgments of the highest court of this state.　Harris v. Jex, 55 N. Y. 421, 14 Am. Rep. 285; Park Hill Co. v. Herriot, 41 App. Div. 324, 58 N. Y. Supp. 552; 1 Kent's Com. (14th Ed.) vol. 1, star pages 475, 476; Jones on Construction of Contracts, §§ 22, 23, and cases cited. The relation of attorney and client is peculiar, in that the law permits the termination thereof in a manner not recognized as to other contracts.　Matter of Dunn, 205 N. Y. 402, 98 N. E. 914.　Thus the client, for reasons of his own, may discharge the attorney arbitrarily, and with liability only for the legal service theretofore rendered.　Matter of Dunn, supra; Tenney v. Berger, 93 N. Y. 524, 45 Am. Rep. 263.

The theory of the plaintiff is that there was a breach of the contract, and that the damages are determined absolutely by the amount of the contingent fee had the action proceeded to full recovery.　This theory must rest upon the contention that the breach was made when the client determined not to permit the plaintiff to continue the litigation.　But, as we have seen, the law permits the client to terminate the contract with his attorney under a liability only for the legal services actually rendered, while this theory involves the proposition that the client, against his will and at the behest of the attorney, must continue under a penalty determined by the contingent fee.　The client alone owns the cause of action.　Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395.　The circumstance that the agreed compensation is contingent cannot give the attorney such control over the property of his client.　The contingency, it is true, contemplated continuance; but it cannot compel it.　If the client choose continuance and press on to success, the compensation in the first instance is determined by the agreed contingent fee, and this may be so even though meanwhile the attorney has been discharged, but this rule cannot apply when the client has determined against continuance without benefit to himself.　In fine, the attorney cannot control the client's disposition of his own property under a penalty imposed upon the client.　Thus it has been held that a contract that prevents the client

from settlement of his litigation is against public policy. Matter of Snyder, 190 N. Y. 66, 82 N. E. 742, 14 L. R. A. (N. S.) 1101, 123 Am. St. Rep. 533, 13 Ann. Cas. 441.

I think that the plaintiff was rightfully dismissed. Western Union Telegraph Co. v. Semmes, 73 Md. 9, 20 Atl. 127; Pratt v. Kerns, 123 Ill. App. 86; French v. Cunningham, 149 Ind. 632, 49 N. E. 797; Polsley v. Anderson, 7 W. Va. 202, 23 Am. Rep. 613; Carey v. Gnant, 59 Barb. (N. Y.) 574; Wright v. Wright, 41 N. Y. Super. Ct. 432; Joyce on Damages, § 2084; 3 Am. & Eng. Ency. of Law, 426.

In almost all, if not in all, of the cases cited by the learned appellant, the client had gone forward with the litigation and had realized upon his cause of action.

No question of recovery on quantum meruit is presented, for such a cause of action was not pleaded, and the plaintiff in his opening statement disavowed his desire to recover thereon in this action. He still has that right of action.

The judgment must be affirmed, with costs. All concur.