[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS CT Page 7955-Q
This case involves a legal malpractice claim. Underlying the claim is a rental agreement and an action on a payment bond. The plaintiff entered into an agreement with another company whereby this company rented construction equipment from the plaintiff. Two contracts were involved and pursuant to49-41 Conn. Gen. Stats. a payment bond was issued for the contract by Covenant Mutual Insurance Company. The company leasing the equipment stopped doing so on February 13, 1990. Shortly thereafter the plaintiff made a demand under 49-42 of the General Statutes on Covenant through its agent Woodland Brokers for payment on the bond.
Under the provisions of 49-42 an action against the issuing bond company had to be filed no later than February 13, 1991. On March 18, 1992, the plaintiff, through its present attorneys, initiated a three count action against Covenant and Woodland Brokers. The first count sought payment on the bond under the statute, the second count alleged the defendants' actions violated CT Page 7955-R CUPTA, and the third count alleged the defendants' actions constituted a violation of the Connecticut Unfair Insurance Practices Act (CUIPA). A Superior Court judge dismissed the first count on August 3, 1992 without taking any action on the remaining counts. On August 26, 1992, the plaintiff through its attorneys withdrew the remaining causes of action.
About three months later the pending legal malpractice action was brought against the defendants claiming the defendants failed to advise the plaintiff that a lawsuit against Covenant and Woodland Brokers had to be commenced within one year of February 13, 1990 and failed to bring such a suit before the expiration of the statute of Limitations pursuant to 49-42 of the General Statutes.
The defendants have filed a motion to dismiss under Practice Book 143 asserting the court lacks jurisdiction over the subject matter of this case. They cite the case of Heritage Square Associates v. Leonard Blum et al., 7 Conn. L. Rptr. 103 (1992) for the proposition that a legal malpractice action may not be brought until the client has exhausted any alternative means of obtaining CT Page 7955-S the result which the attorney allegedly failed to achieve. In Heritage the gist of the complaint against the defendant attorneys was that they failed to warn the plaintiff that a malpractice claim had to be brought against a former attorney within three years. The court held the pending malpractice action was premature and should be stricken because the plaintiff had "a viable cause of action" not barred by the statute of limitations — the former attorney could be sued for breach of contract which has a six-year statute of limitations.
The plaintiff has certainly suffered a loss in this matter. The plaintiff had a well defined claim for specific and certain monetary damages which it could have sought to recover in a relatively straightforward and uncomplicated suit brought pursuant to49-42 of our General Statutes. The plaintiff seeks to recover that loss in a malpractice suit against the parties it claims caused it to lose its right to proceed under that statutory provision. The defendants argue it's not fair to sue us for the loss since you have grounds other than 49-42 on which you can pursue the claim against the primary wrongdoers, Covenant and its broker. CT Page 7955-T
An issue of subject matter jurisdiction carries with it an intimidating legal resonance, but as is often the case in the law, many issues can be resolved by considerations of fairness. It would not be fair to require a plaintiff to pursue a difficult or will of the wisp claim against a prior wrongdoer before it can litigate a more straightforward claim against the party which it determines can more easily make it whole. Heritage also recognized this principle citing Parker Smith v. Prince Mfg. Co., 158 N.Y.S. 346 (1916) for the proposition that the legal remedies left to the client must be "viable and equivalent" to the action barred by the alleged malpractice. It noted our state "stands with a minority of courts in liberally finding the suitability of an express contract cause of action against an attorney." In fact the court went on to note that compared to a malpractice action in a breach of contract action "the chances of success may be greater and the expense and time of litigation may be significantly lower." A breach of contract theory "may be easier to prove." (All quotes from7 Conn. L. Rptr. No. 4 at p. 104).
As noted 49-42 affords the plaintiff a rather simple method of CT Page 7955-U recovery. An action to recover on the bond is privileged with respect to assignment for trial. The court can award reasonable attorneys fees if a defense to the claim is without substantial basis.
A CUPTA or CUIPA claim is hardly the equivalent of an action under 49-42, True, Mead v. Burns, 199 Conn. 651 held that a litigant complaining of unfair practices by an insurer could bring a CUPTA and a CUIPA claim. But Mead goes on to hold that against an insurer under either statutory scheme a plaintiff cannot rely on the dealings of the company with a particular litigant but must show a general business practice by the insurer in unfairly dealing with its customers isolated instances of unfair practice won't do, see 199 Conn. pp 663-666. The proof problems could be staggering.
The same could of the suggestion that the plaintiff could bring suit against Covenant for tortuous bad faith conduct in that the insurance company breached its obligation of good faith and fair dealing. Showing lack of good faith and fair dealing by the company whether it involves claims of third parties against the CT Page 7955-V insured or claims by the insured itself can be difficult. It requires a case by case analysis Verrastro v. Middlesex Ins. Co.,207 Conn. 179, 190 (1988), West Haven v. U.S. Fidelity Guaranty Co., 174 Conn. 392, 397 (1978), cf Hoyt v. Factory Mutual Life Insurance Co., 120 Conn. 156, 159 (1935) and it cannot be said that such a claim would be the equivalent of a simple action on a bond under 49-42. The defendants have not presented the court with any evaluation of the facts or circumstances of this case which would indicate that a tortious bad faith claim would either lie, be appropriate, or particularly easy to pursue. Such an action would not be given preference on the trial calendar and indicates attorneys fees could only be awarded if the insurer acted in a wanton or reckless manner. I.F. Pace Sons, Inc. v. The Travelers,9 Conn. App. 30, 47 (1986).
The court has also some concern about the appropriateness of condoning a remedy against sureties in the construction industry which would permit a three year statute of limitations where a specially enacted statute giving distinct benefits to a protected class only provides for a one year statute of limitations. The limit and scope of liability are of crucial importance in an industry setting CT Page 7955-W and have much to do with the terms of bonds and their cost.
Perhaps there is a simpler reason why the court cannot grant the motion to dismiss. Even if all the defendants' arguments were correct as of the date of filing of the motion and the court would have lacked subject matter jurisdiction at that time, it may no longer be the case. The statute of limitations against Covenant and the broker appear to have run out on the other causes of action suggested by the defendants. There is in effect no viable alternative remedy the plaintiff can pursue against Covenant or the broker. The failure of the plaintiff to pursue other remedies against the latter parties may be a defense on some theoretical basis or may serve to mitigate damages but it hardly would provide grounds for this court to rule that it has no subject matter jurisdiction.
This is especially true given the posture of this motion. The motion suggests a suit should be dismissed because other remedies could be pursued against third parties. The motion notes the statute of limitations on these remedies would run out as of March 1, 1993, but the motion to dismiss is only filed on February CT Page 7955-X 3, 1993. Despite any efforts the defendants may have made to expedite a hearing on the motion, granting the motion under these circumstances and given the other factors discussed would not be appropriate.
Corradino, J.